FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 DEC 19 P 4:54
CLERK'S OFFICE
AT GREENBELT
BY________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

**TODD LEVINE,** *

**Plaintiff,** *

**v.** **Case No.: GJH-16-2455**

*

**GBG, INC.,**

*

**Defendant.**

*

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Todd Levine ("Plaintiff" or "Levine") moves to amend his Complaint to add Jeannine Kokiko ("Kokiko") as a defendant in this action for negligence. ECF No. 20. Defendant GBG, Inc. ("Defendant" or "GBG") opposes Plaintiff's Motion. ECF No. 22. No hearing is necessary. *See* Loc. R. 105.6. Plaintiff's Motion for Leave to Amend the Complaint, ECF No. 20, is hereby granted. However, because the addition of this defendant voids this Court's jurisdiction over the action, the case is remanded to the Circuit Court for Montgomery County, Maryland.

## I. BACKGROUND

This case arises from bodily injuries Plaintiff allegedly sustained at a Gold's Gym in Olney, Maryland, after a spinning[1] instructor "turned on the stereo . . . to an unreasonably high and dangerous volume, causing acoustic trauma and injury to plaintiff's inner ear and associated

[1] "Spinning" refers to a common brand of indoor cycling. David Fiedler, *What Happens in an Indoor Cycling Class?*, http://bicycling.about.com/od/trainingandfitness/gr/spinning.htm (last visited December 16, 2016).

nervous system." ECF No. 2 at 2.[2] Plaintiff filed a complaint against Defendant GBG Inc. t/a Gold's Gym in the Circuit Court for Montgomery County, Maryland (the "State Court") on April 15, 2016, alleging one count of negligence. Defendant removed the action to federal court on June 30, 2016. In its Notice of Removal, Defendant alleged that the amount in controversy exceeded $75,000, and there existed complete diversity of citizenship between the parties because Plaintiff is a citizen of Maryland, and Defendant is "a business incorporated under the laws of the State of Virginia with its principal place of business in Dallas, Texas." ECF No. 1 at 1–2. A scheduling Order was issued, and the parties began discovery on July 20, 2016. ECF No. 13.

On November 3, 2016, Plaintiff filed a Motion for Leave to Amend the Complaint to include Jeannine Kokiko as a defendant in his case. Plaintiff states that his counsel "received executed discovery responses last week which identified the spin class instructor/tortfeasor as Jeannine Kokiko, a Maryland resident." ECF No. 20 ¶ 2. Plaintiff further states, "Kokiko was required to have a certification to teach the class, and was required to be familiar with the Gold Gym's Group Fitness Instructor's Manual. Said manual indicated that the music volume for group fitness classes needed to be checked before class was begun, and must be played at a safe level at all times." *Id.* Thus, Plaintiff requested to "amend[] his Complaint and add[] Jeannine Kokiko as a party to this case." *Id.* ¶ 3. Defendant submitted a brief Opposition to Plaintiff's Motion for Leave to Amend the Complaint, ECF No. 22. Specifically, Defendant argues that "[t]he Court should exercise its discretion and decline to join Ms. Kokiko as a defendant since Plaintiff has waived his right to make a claim against Ms. Kokiko."

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II. ANALYSIS

"We begin, as we must in a diversity case, by examining the basis for jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999). "A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims." *Dean v. Navy Fed. Credit Union*, RDB 09-1989, 2009 WL 3817587, at *4 (D. Md. Nov. 12, 2009) (citing 28 U.S.C. § 1441(a)-(c) (2006)). "Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States." *Id.* at *5 (citing U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a)). Thus, where a civil action is not based on a question of constitutional or federal law, "a federal court may only exercise original jurisdiction based on diversity of citizenship." *Id.* "As the Supreme Court has noted, '[i]ncomplete diversity destroys original jurisdiction with respect to all claims.'" *Id.* (citing *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 554 (2005)). Further:

> When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.

*Mayes*, 198 F.3d at 461–62. It is uncontested that Jeannine Kokiko, as a citizen of Maryland, would void complete diversity if added to Plaintiff's suit. Accordingly, the Court must determine whether to deny joinder, or permit joinder and remand the action to the State Court.

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given "when justice so requires," and Rule 20 permits the joinder of proper parties. Fed. R. Civ. P. 15(a)(2), 20(a)(2). However, "when faced with an amended pleading naming a new nondiverse defendant [as Kokiko] in a removed case," the Court "should scrutinize that amendment more closely than an ordinary amendment and should conduct a balancing of the equities involved." *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987)). On one hand, if the joinder of the nondiverse defendant is denied, "there is the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." *Coley*, 138 F.R.D. at 465 (citing *Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862 (S.D. Fla. 1989)). On the other hand, if the joinder is permitted and the action is remanded, the diverse defendant loses its potential "interest in keeping the action in federal court." *Id.* In exercising its discretion under 28 U.S.C. § 1447(e), the Court may consider all relevant factors, including: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes v. Rapoport*, 198 F.3d at 462; *Coley*, 138 F.R.D. at 465.

Although the proposed amendment has the effect of defeating federal jurisdiction, the record does not show that this was the purpose of the amendment, or that Plaintiff has been dilatory in seeking leave. Plaintiff states in his Motion for Leave to Amend that he "received executed discovery responses *last week* which identified the spin class instructor/tortfeasor as Jeannine Kokiko." ECF No. 20 ¶ 2 (emphasis added). While Plaintiff makes no argument in his Motion for Leave to Amend regarding "significant injury" if joinder of Kokiko were to be

denied, the Court recognizes that Plaintiff could be injured by such a denial, because he would be required to maintain separate cases in two jurisdictions to obtain complete relief.

In its Opposition to Plaintiff's Motion for Leave to Amend, Defendant acknowledges that "Ms. Kokiko is a citizen of the State of Maryland and joining her as defendant would void diversity jurisdiction," and citing to *Mayes v. Rapoport*, 198 F.3d 457, 461–63 (4th Cir. 1999), argues that "[t]he Court should exercise its discretion and decline to join Ms. Kokiko as a defendant since Plaintiff has waived his right to make a claim against Ms. Kokiko." ECF No. 22 ¶ 4. However, Defendant's citation to *Mayes* points to no principle supporting such a waiver argument, nor does anything in the record indicate that Plaintiff has waived his rights to amend his Complaint.

To the extent that Defendant is intimating "fraudulent joinder" on the part of Plaintiff, "fraudulent joinder must be alleged with particularity and proved by clear and convincing evidence consisting of facts rightly leading to that conclusion, apart from the deductions of the pleader." *Coley*, 138 F.R.D. at 465 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). The Fourth Circuit has made clear:

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Mayes*, 198 F.3d at 464 (4th Cir. 1999) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (alteration in original). Defendant has neither alleged fraud on the part of Plaintiff, nor met its "heavy" burden of establishing fraudulent joinder.

In conclusion, this action involves a single count for negligence, a state law claim for which no independent form of federal jurisdiction is available. *See* ECF No. 2 at 2. Joinder of

Kokiko as a defendant is appropriate here. Because the joinder of Kokiko destroys complete diversity, the action must be remanded to the State Court.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend the Complaint is granted, and the action is hereby remanded to the Circuit Court for Montgomery County, Maryland. A separate Order shall issue.

Date: December 19, 2016

George J. Hazel
United States District Judge